# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ERNEST HALL,
    Plaintiff

vs

NURSE V., et al.,
    Defendants

Case No. 1:09-cv-381

Dlott, J.
Hogan, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against SOCF Nurse V., Nurse Goodman, and Dr. Bauzer. Plaintiff's complaint and amended complaint are a compilation of completed and blank pages of the Court's standard form complaint and are difficult to decipher. As best the Court can discern, plaintiff alleges that defendants gave him too much medication which made him spit up blood. He also alleges that the medication Dr. Bauzer gave him made him fall down. Plaintiff further alleges that Nurse Goodman threatened to have Mr. Goodman hit plaintiff with his PR if plaintiff did not lay down. As relief, plaintiff seeks monetary damages and requests the Court to "file a lawsuit" against the defendants.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim for relief under 42 U.S.C. § 1983 concerning his
2

medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint fails to allege facts showing the defendants were deliberately indifferent to his unspecified medical needs. Plaintiff fails to identify his medical condition or the medication given for the condition. Plaintiff's only allegations against the defendants are that the defendants gave him medication which made him spit up blood and fall. Plaintiff fails

3

to allege any facts showing the defendants knowingly provided him with the wrong medication or that defendants knew plaintiff would suffer adverse side effects from the medication. That plaintiff may have experienced unanticipated side effects from the medication does not amount to an Eighth Amendment violation. *See Murillo v. Thornton*, No. 07-cv-0197, 2008 WL 110899, at *4 (S.D. Cal. Jan. 9, 2008); *Slappy v. Levell*, No. Civ. A. 505CVP176R, 2006 WL 83439, at *3 (W.D. Ky. Jan. 9, 2006); *Callaway v. Smith County,* 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Maldonado v. Terhune*, 28 F. Supp.2d 284, 290 (D.N.J. 1998). At most, plaintiff may state a claim for malpractice, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff's allegations may amount to negligent treatment, but without more, the Court is unable to conclude that plaintiff's complaint states a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs.

Plaintiff's claim that he was verbally threatened by Nurse Goodman also fails to state a claim for relief under section 1983 because allegations of verbal harassment, threats, or verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir.), *cert. denied*, 543 U.S. 837(2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Plaintiff fails to allege he suffered any harm or adverse consequences as a result of the alleged threat. Therefore, this claim for relief must be dismissed.

Accordingly, the Court concludes that plaintiff's complaint and amended complaint are subject to dismissal on the ground that they fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint and amended complaint are hereby

4

**DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott, Chief Judge
United States District Court